## UNITED CHEMICAL COMPANY v. GULF STATES STEAMSHIP COMPANY, ET AL.

(June 7, 1926. Opinion and Decree.)

---

*(Syllabus by the Court)*

1. **Louisiana Digest—Partnership—Par. 83, 85.**

A creditor of a partnership cannot make one who has been held out as a part-

ner, and is not a partner, liable for partnership debts unless it is shown that the creditor at least had knowledge of the holding out.

Appeal from Civil District Court, Division "F", 143,811. Hon. Percy Saint, Judge.

Action by United Chemical Company against Gulf States Steamship Company, et al.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Dart, Kernan & Dart and L. C. Guidry, attorneys for plaintiff, appellant.

M. M. Boatner, M. H. Manion and H. W. Kaiser, attorneys for defendant, appellee.

RIGHTOR, J. Suit is brought for an undisputed indebtedness against a commercial partnership and three alleged members thereof. Against the firm and two of the alleged members, who did not deny their membership in the firm, judgment went by default. The third admits his employment by, but denies his membership in, the firm.

No proof is adduced of an agreement by this defendant, of such a character that would constitute defendant in law a partner of the firm. To the contrary, the defendant and one other member of the firm, both of whom took the stand, deny that defendant was ever considered as or agreed to become a member of the firm.

The only other way in law in which an individual can be held responsible for the debts of a partnership, as a member thereof, is when it is shown that such individual held himself out as a member of the firm. Estoppel then makes him liable for the firm's debt to anyone to whom the indebtedness was incurred by the firm due to such holding out.

Whilst there is conflicting testimony on the question of whether or not the defendant held himself out to others as a member of the firm, the record does not disclose that defendant so held himself out as a partner to the plaintiff and the judgment for defendant is therefore affirmed.